IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID B. PLEDGER                                                PLAINTIFF

       v.       Civil No. 04-3084

PRESTON REECE, individually
and in his official capacity,
CITY OF HARRISON, ARKANSAS,
DANNY HICKMAN, Sheriff of Boone County,
individually and in his official
capacity, and BOONE COUNTY,
ARKANSAS                                                        DEFENDANTS

**MEMORANDUM OPINION**

NOW on this 9th day of November, 2005, the above referenced matter comes on for this Court's consideration of the **Separate Defendants' Motion for Summary Judgment** (document #25) filed by separate defendants, **Preston Reece** and the **City of Harrison, Arkansas**, the **Motion for Leave to File Supplement to Separate Defendants' Motion for Summary Judgment** (document #33), and the various responses and replies thereto. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff, David B. Pledger ("Pledger") commenced this action on December 20, 2004; and, on June 27, 2005, plaintiff's First Amended Complaint was filed. In his First Amended Complaint (hereinafter "complaint"), the plaintiff brings suit under 42 U.S.C. § 1983, the Arkansas Civil Rights Act and state tort law against the following defendants:

* **Preston Reece**, ("Reece") individually and in his official capacity as a police officer for the City of Harrison, Arkansas;

* the **City of Harrison, Arkansas** (the "City");

* **Danny Hickman**, ("Sheriff Hickman") individually and in his official capacity as Sheriff of Boone County, Arkansas; and

* **Boone County, Arkansas** (the "County").

With respect to separate defendants, Reece and the City of Harrison, Pledger asserts:

* he was arrested without probable cause; and

* that he was unlawfully detained, without appearing before a magistrate, in the Boone County jail from February 16, 2004 until March 2, 2004.[1]

Reece and the City of Harrison now move for summary judgment. Pledger opposes it.

2. Initially, the Court notes that in their **Motion for Leave to File Supplement to Separate Defendants' Motion for Summary Judgment** (document #33) the separate defendants seek to file supplemental material with respect to the pending motion for summary judgment. The motion to supplement has not been opposed by the plaintiff, and the Court finds that the motion should be **granted**. However, separate defendants need not file this document since a copy was attached to the motion and the Court has already

---

[1] As set forth in Paragraph 3 of this Order, the plaintiff has withdrawn his claim for lack of probable cause – choosing to pursue only his claim for unlawful detention.

considered its contents in resolving the motion for summary judgment herein ruled upon.

3. The Court also notes that, although Pledger asserted (in his First Amended Complaint) a claim that Reece and the City of Harrison arrested him without probable cause, he withdrew that claim in his pleadings in opposition to the motion for summary judgment. (Plaintiff's **Brief In Support Of Plaintiff's Response To Separate Defendants' Motion For Summary Judgment**, Doc #35) Accordingly, the claim for lack of probable cause to arrest should be dismissed without prejudice and it will not be further addressed herein.

4. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light

"most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

5. For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties[2], the Court believes the following material undisputed facts appear:

* In the early morning of February 16, 2004, Officer Reece was dispatched to an apartment in Harrison, Arkansas, in regard to a report of a domestic disturbance.

* At 3:17 a.m. on February 16, 2004, Reece arrested Pledger, without a warrant, on two counts of third degree domestic battery. Because of the presence of Pledger's son, Reece chose to enhance the charges to felony status.

---

[2] The City of Harrison and Officer Reece submitted statements of material fact alleged to be undisputed. Pledger also submitted statements of material fact, accepting those submitted by the separate defendants and adding additional facts he asserts are disputed.

* Pledger was handcuffed and transported to the Harrison Police Department for booking on the charges.

* After his booking at the Harrison Police Department, Pledger was transported to the Boone County Jail where he was booked in at 8:12 a.m. on February 16, 2004. Pledger was detained in the city facility approximately five hours.

* Also on the morning of February 16, 2004, Reece drafted and signed a probable cause affidavit, which was then forwarded to the 14th Judicial District Prosecuting Attorney's Office at the Boone County Courthouse.

* Pledger submitted one grievance while in the Boone County Jail, on February 29, 2004, in which he stated: "[M]y scheduled court date was last [F]riday[;] I didn't go. Why?"

* On March 2, 2004, Sheriff Hickman was notified for the first time that Pledger has not been taken to court.

* Upon learning of the situation, Sheriff Hickman immediately ordered Pledger released and he was released from the Boone County Jail on March 2, 2004.

6. **Reece – Qualified Immunity** -- With respect to Pledger's claim against him based upon alleged unlawful detention, Reece has asserted the defense of qualified immunity. The Court will address that issue first.

According to the United States Supreme Court in Harlow v. Fitzgerald, "government officials performing discretionary

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). Where a defendant seeks qualified immunity, a ruling on that issue should be made so that the cost and expenses of trial are avoided where the defense is dispositive, Saucier v. Katz, 533 U.S. 194 (2001), because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. According to the Eighth Circuit Court of Appeals, qualified immunity triggers a three-prong inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

Pledger has clearly asserted that his constitutionally protected rights were violated when he was held at the Boone County Jail, without an initial appearance before a magistrate, for over fifteen (15) days. However, there is no evidence to

support a conclusion that the alleged constitutional deprivation was caused by the actions of Reece. It is undisputed that Reece arrested the plaintiff, and promptly completed a probable cause affidavit, which was then forwarded to the 14th Judicial District Prosecuting Attorney's Office at the Boone County Courthouse. In accordance with the procedures of the City of Harrison, Pledger was in its facility less than 24 hours (approximately five hours) and was then transported to the Boone County Jail on the same day of his arrest where he was booked and held until his release on March 2, 2004.

The undisputed facts show that Pledger was held by the City of Harrison and/or Reece for only about five hours and there is no showing that either Reece or the City of Harrison failed to follow proper procedures in arresting him, bringing him to their facility and processing him for immediate transfer to the Boone County Jail. The facts, rather, indicate that Pledger's extended and allegedly unlawful stay in pre-trial confinement was occasioned while he was in the custody of Sheriff Hickman and the County.

In <u>Tilson v. Forrest City Police Department</u>, 28 F.3d 802 (8th Cir. 1994), th Eighth Circuit held that where a plaintiff did not establish that police failed to follow proper procedures when they arrested him and brought him to a county jail -- and did not establish that a city police department "held" him while he was

in the county jail, neither the city nor city officers could be held responsible for any alleged unlawful detention. The case at bar is, in the Court's view, indistinguishably similar to Tilson.

It follows, therefore, that Pledger cannot satisfy the first prong of the test mentioned in Burnham, supra, as to Reece because, although he has clearly asserted a violation of a constitutionally protected right, he cannot support a contention that the asserted constitutional violation was directly caused by the actions of Officer Reece.[3] Reece is, therefore, entitled to summary judgment on qualified immunity grounds with respect to plaintiff's constitutional claims based upon unlawful detention.

The Court likewise finds that the undisputed facts warrant summary judgment in Reece's favor with respect to Pledger's state tort claim of false imprisonment. According to Arkansas law, false imprisonment consists of "the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority." Headrick v. Wal-Mart Stores, Inc., 738 S.W.2d 418, 420 (Ark. 1987). Although Reece did arrest the plaintiff, there is currently no claim that the arrest was unlawfully made. Further, as established by the undisputed facts, Reece detained the plaintiff only for a period of approximately five (5) hours prior to transferring him to the custody of the

---

[3]"Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of [constitutionally protected] rights." Madewell v. Roberts, 909 F.2d. 1203, 1208 (8th Cir. 1990).

Boone County Jail.  Such a time frame under such circumstances cannot reasonably be found to be unlawful or without sufficient legal authority.

7.    **City of Harrison** –- Political subdivisions may be liable under 42 U.S.C. § 1983 only where the municipality's policy or custom deprives persons of their constitutionally or federally protected rights.  <u>Monell v. Dept. of Social Serv.</u>, 436 U.S. 658 (1978).

In this context, a plaintiff must establish the existence of an unconstitutional policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation. <u>Id</u>. at 690–94.  Unconstitutional policies or customs can take essentially three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making decision.  <u>Garrison v. Burke</u>, 165 F.3d 565, 571-72 (7th Cir 1999)(citations omitted).

A municipal policy may be evidenced by a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body.  <u>St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988).  To be actionable, the challenged

action or inaction must have been taken pursuant to a policy adopted by the official responsible under state law for making policy in that area of the municipality's business. Id. at 123.

A municipal custom may be established by showing: (1) the existence of a continuing widespread, persistent patter of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit authorization of such conduct by the municipality's policymaking officials after notice of that misconduct; and (3) that the custom was the "moving force" behind the constitutional violation suffered. Jane Doe A v. Special School Dist., 901 F.2d 642, 646 (8th Cir. 1990); *see also* Board of Comm'rs v. Brown, 520 U.S. 397, 400 (1997). A single incident normally does not suffice to prove the existence of a municipal custom. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(plurality opinion).

As noted in the foregoing discussion of Pledger's claims against Reece, the Court concludes that a municipality is not responsible for an subsequently occurring unlawful detention once it has properly and timely transported an arrestee to a county facility. *See* Tilson v. Forrest City Police Department, 28 F.3d 802 (8th Cir. 1994). Similar to the situation in Tilson, Pledger has not shown that anything in the city's existing policies and procedures caused his delayed detention, or that a different policy or procedure on the part of the City of Harrison might have

caused him to receive a court hearing promptly. Moreover, since there is no evidence of a constitutional violation directly caused by Reece -- the only employee of the City of Harrison currently before the Court -- the Court finds that the City of Harrison is also entitled to summary judgment with respect to plaintiff's constitutional claims. *See* Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Summary judgment is therefore appropriate with respect to plaintiff's constitutional claims against the City of Harrison, Arkansas.

The Court also concludes that summary judgment is likewise appropriate with respect to Pledger's state tort claim of false imprisonment since there is no evidence that the City of Harrison detained the plaintiff unlawfully. Headrick v. Wal-Mart Stores, Inc., 738 S.W.2d 418, 420 (Ark. 1987).

**IT IS, THEREFORE, ORDERED** that **Separate Defendants' Motion for Summary Judgment** (document #25) filed by separate defendants, **Preston Reece** and the **City of Harrison, Arkansas**, as well as the **Motion for Leave to File Supplement to Separate Defendants' Motion for Summary Judgment** (document #33) should be, they hereby are, **granted** for reasons stated herein.

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiff's complaint against **Preston Reece** and **The City of Harrison, Arkansas** should be, and hereby are, dismissed. By separate order of even date herewith, judgment will be entered

accordingly.

**IT IS SO ORDERED.**

                                                /s/ Jimm Larry Hendren
                                                JIMM LARRY HENDREN
                                                UNITED STATES DISTRICT JUDGE