IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID B. PLEDGER                                              PLAINTIFF

          v.          Civil No. 04-3084

PRESTON REECE, individually
and in his official capacity,
CITY OF HARRISON, ARKANSAS,
DANNY HICKMAN, Sheriff of Boone County,
individually and in his official
capacity, and BOONE COUNTY,
ARKANSAS                                                     DEFENDANTS

## MEMORANDUM OPINION

NOW on this 10th day of November, 2005, the above referenced matter comes on for this Court's consideration of the **Motion for Summary Judgment** (document #22) filed by separate defendants, **Danny Hickman** and **Boone County, Arkansas**, and the various responses and replies thereto. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff, **David B. Pledger** ("Pledger"), commenced this action on December 20, 2004, and on June 27, 2005, plaintiff's First Amended Complaint was filed. In his First Amended Complaint (hereinafter "complaint"), the plaintiff brings suit under 42 U.S.C. § 1983, the Arkansas Civil Rights Act and state tort law against **Preston Reece** ("Reece"), individually and in his official capacity as a police officer for the City of Harrison, Arkansas; the **City of Harrison, Arkansas** ("City of Harrison"); **Danny Hickman**

("Sheriff Hickman"), individually and in his official capacity as Sheriff of Boone County, Arkansas; and, **Boone County, Arkansas** ("Boone County").

Specifically, with respect to separate defendants, Sheriff Hickman and Boone County, Pledger asserts that he was unlawfully detained, without appearing before a magistrate, in the Boone County jail from February 16, 2004 until March 2, 2004, and that such detention violated his constitutionally protected right to due process of law.

Separate defendants Sheriff Hickman and Boone County now move for summary judgment.[1] Pledger opposes the motion for summary judgment.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence

---

[1] As set forth in Paragraph 4 of this Order, defendants' motion for summary judgment will be treated as a motion for *partial* summary judgment.

is such that no reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." <u>F.D.I.C. v. Bell</u>, 106 F.3d 258, 263 (8th Cir. 1997); *see also* <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." <u>Liberty Lobby</u>, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

3. From the pleadings, for the purpose of considering the motions before the Court, the following material undisputed facts appear:

\* In the early morning of February 16, 2004, Officer Reece was dispatched to an apartment in Harrison, Arkansas, in response to a report of a domestic disturbance.

\* At 3:17 A.M. on February 16, 2004, Officer Reece arrested Pledger, without a warrant, on two counts of third degree domestic battery. Because of the presence of Pledger's son,

Officer Reece chose to enhance the charges to felony status.

\*   Pledger was handcuffed and transported to the Harrison Police Department for to be booked on the charges.

\*   After his booking at the Harrison Police Department, Pledger was transported to the Boone County Jail where he was booked in at 8:12 a.m. on February 16, 2004. Pledger was detained in the city facility approximately five hours.

\*  Also on the morning of February 16, 2004, Reece drafted and signed a probable cause affidavit, which was then forwarded to the 14th Judicial District Prosecuting Attorney's Office at the Boone County Courthouse.

\*   Pledger submitted one grievance while in the Boone County Jail, on February 29, 2004, in which he stated: "[M]y scheduled court date was last [F]riday[;] I didn't go. Why?"

\*   On March 2, 2004, Sheriff Hickman was notified that Pledger had not been taken to court.

\*   Upon learning of the situation, Sheriff Hickman immediately ordered Pledger released and he was released from the Boone County Jail on March 2, 2004.

\*   Boone County Jail policy requires that any new inmates be brought before a judicial officer within 72 hours and that any detainee arrested without a warrant be given a judicial determination of probable cause within 48 hours or released.

4.   As noted above, in addition to the constitutional claims

under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, the plaintiff asserts a state law tort claim for false imprisonment. However, in their motions and briefs, Sheriff Hickman and Boone County did not address the tort claim -- and, therefore, did not seek summary judgment concerning it. Accordingly, the Court will treat defendants' motion as one for *partial* summary judgment on the constitutional claims only.

5. **Danny Hickman -- Individually** -- In examining this claim, it must be noted that "Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of [constitutionally protected] rights." Madewell v. Roberts, 909 F.2d. 1203, 1208 (8th Cir. 1990). Accordingly, a "supervisor is not vicariously liable under 42 U.S.C. §1983 for an employee's unconstitutional activity." White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor is liable only if he "directly participates in a constitutional violation or of a failure to properly supervise and train the offending employee caused a deprivation of rights." Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996).

In his complaint, Pledger asserts that "the intentional conduct of Defendant, Danny Hickman, done under the authority of his office as Sheriff for Defendant, Boone County, Arkansas, deprived Plaintiff of . . . the right not to be deprived of life, liberty, or property without due process of law, and the right to

the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States."  First Amended Complaint, § 13.

Pledger's argument -- based upon this contention -- that Sheriff Hickman was personally involved in his alleged unlawful detention is not supported by the evidence.  It is undisputed that Sheriff Hickman did not know about and had no involvement with Pledger's extended detention.  It is also not disputed that when he did learn that Pledger had been detained since February 16, 2004, without appearing before a magistrate, Sheriff Hickman immediately ordered Pledger's release.  The evidence available suggests that Pledger's situation occurred because of a mistake in communication which caused jail employees to believe he had been properly taken before the court in a timely manner when, in fact, he had not.  There is no evidence that Sheriff Hickman made the mistake or even knew of it.  Moreover, there is no evidence that the happening was anything more than simply a mistake.  There is no suggestion here, as in **Hayes v. Faulkner County, Arkansas 388 F.3d 669 (8th Cir. 2004),** that Sheriff Hickman improperly delegated the responsibility for taking detainees before the court to the court itself or that he was deliberately indifferent to the situation.  In Hayes, the sheriff received four communications from the detainee and made a conscious decision to do nothing about the situation.  Instead, the sheriff responded to the

detainee that "I don't set people up for court. I hope you go to court & are able to get out. Write the booking officer to find out about your court date." The Eighth Circuit concluded, that by his actions, the sheriff was enforcing a deliberately indifferent policy which violated the standards of due process. Here, Sheriff Hickman acted immediately when he first learned of the situation. He did not take the position that responsibility lay elsewhere but, rather, acted immediately to release Pledger. Accordingly, the Court concludes there is no evidence that Sheriff Hickman promoted or enforced a deliberately indifferent policy which violated the standards of due process.

    6. **Danny Hickman -- Official Capacity** -- Liability under §1983 will also lie against a municipality -- through a claim made against a supervisor in his official capacity -- if the supervisor fails to adequately train or supervise police officers and the failure can be shown to constitute deliberate indifference to the rights of others. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Harris v. City of Pagedale, 821 F.2d 499, 508 (8th Cir. 1987).

    To establish a "failure to train" claim, a plaintiff must show that the supervisor "was deliberately indifferent to or tacitly authorized the offending acts" which, in turn, requires a showing that "the supervisor had notice that the training procedures and supervision were inadequate and likely to result

in a constitutional violation." Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001)(citations omitted).

It is not disputed that Sheriff Hickman and Boone County had in place procedures designed to ensure that detainees were given proper hearings as required by due process of law. There is no evidence that anything in those procedures was designed to deprive a detainee of constitutionally protected rights or that their use would predictably produce such a result. Instead, the evidence shows that human error -- negligence as opposed to deliberate wrongdoing -- caused the procedures to fail as to Pledger. It is not suggested or shown by Pledger how a failure to train or supervise would have prevented that error. Accordingly, the Court concludes that plaintiff has not produced evidence to support an allegation that Sheriff Hickman failed to properly train or supervise Boone County personnel or that any such failure was the cause of his wrongful detention.

Therefore, in accordance with established law as set forth above, the Court concludes that Sheriff Danny Hickman is entitled to summary judgment and dismissal of plaintiff's complaint against him in his individual and official capacities and will so order.

7. **Boone County** -- Plaintiff next argues that Boone County should be held liable under 42 U.S.C. § 1983 because a constitutionally deficient policy at the Benton County Jail caused his substantive due process rights to be violated.

Political subdivisions may be liable under 42 U.S.C. § 1983 only where the municipality's policy or custom deprives persons of their constitutionally or federally protected rights. Monell v. Dept. of Social Serv., 436 U.S. 658 (1978). As recently stated in a decision by a panel of the Eighth Circuit Court of Appeals,

> It is well settled under our precedents that establishing a violation of due process as a basis for municipal liability under § 1983 requires plaintiff to show more than mere negligence or unreasonableness; a plaintiff must point to conduct by the municipality, or by employees acting with its knowledge, that shocks the conscience given the totality of the circumstances.

Lund v. Hennepin County, et al., 2005 WL 2898641 (8th Cir. 2005). *See also* Hayes v. Faulkner County, 388 F.3d 669 (8th Cir. 2004); Davis v. Hall, 375 F.3d 703 (8th Cir. 2004); Young v. City of Little Rock, 249 F.3d 730 (8th Cir. 2001).

As already noted, it is undisputed that the Boone County Jail had a policy requiring that inmates be brought before a judicial officer within 72 hours and that any detainee arrested without a warrant be given judicial determination of probable cause within 48 hours or released. It is also undisputed that, as a result of various miscommunications, Pledger was not brought before a judicial officer during his 15 day stay at the Boone County Jail. However, "Municipal liability under §1983 requires plaintiff to show more than mere negligence or unreasonableness; a plaintiff must point to conduct by the municipality . . . that shocks the conscience given the totality of the circumstances." Lund, supra.

Viewing the facts in the light most favorable to the Pledger and while being sympathetic to him, the Court cannot properly conclude on the undisputed facts that he was subjected to treatment sufficiently conscience-shocking to amount to a violation of due process of law -- nor can it properly conclude that, under the circumstances, there was a deliberate indifference to his constitutionally protected rights. While the situation resulting in the delay in his being promptly taken before a magistrate would appear to have been caused by negligence -- and it certainly was unreasonable -- Pledger has not pointed to conduct by the defendants which satisfies the following standard required of the detainee-claimant in **Lund**, supra:

> As our cases teach, in order for Lund to prove his due process rights were violated and that the County should be held responsible, he must show both that his detention shocks the conscience and that it was caused by a county policy or custom evidencing a level of culpability akin to criminal recklessness.

**Id.**

The Court, therefore, concludes that Boone County is entitled to summary judgment with respect to plaintiff's constitutional claims and it will be so ordered.

8. Because all of plaintiff's federal claims have now been eliminated from this action, this Court must consider whether it should continue to exercise jurisdiction over this matter. In considering that issue, the Court notes:

> When a federal court has original jurisdiction over a

> claim that raises a federal question, Section 1367 provides for the mandatory exercise of supplemental jurisdiction over pendant state-law claims that are so related to the federal-question claim that the claims form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). However, Section 1367, subsection (c) provides exceptions to the mandatory commitment of federal jurisdiction and allows federal courts to decline supplemental jurisdiction over pendant state-law claims if:
>
>> (1) the claim raises a novel or complex issue of State law,
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Ampleman v. Trans States Airlines, Inc., 204 F.R.D. 437, 439 (E.D. Missouri 2001).

Because no federal question claim remains in this case, this Court may decline to exercise its jurisdiction over the plaintiff's remaining state-law claims.

The United States Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. V. Cohill, 484 U.S. 343, 350 n. 7 (1988). *See also* Johnson v. City of Shorewood, Minnesota, 360 F.3d 810 (8th Cir. 2004).

Here, the Court concludes that the remaining state law claims are more appropriate for decision by a state court. Therefore, plaintiff's remaining state law claims will be dismissed without prejudice. Id.

**IT IS, THEREFORE, ORDERED** that the **Motion for Summary Judgment** (document #22) filed by **Danny Hickman** and **Boone County, Arkansas** should be, and it hereby is, **granted** as to plaintiff's claims based upon constitutionally protected rights allegedly violated by these defendants and that such claims should be **dismissed, with prejudice.**

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiff's remaining state law claims against **Danny Hickman** and **Boone County, Arkansas** should be, and hereby are, **dismissed, without prejudice.**

By separate order of even date herewith, judgment will be entered accordingly.

**IS SO ORDERED** and entered on the date first herein above written.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE